**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERIT HOMES, LLC, an Arizona limited liability company,<br><br>            Plaintiff - Appellant,<br><br> v.<br><br>JOSEPH CARL HOMES, LLC, an Arizona limited liability company; et al.,<br><br>            Defendants - Appellees. | No. 12-15977<br><br>D.C. No. 2:10-cv-02030-SMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted April 9, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Plaintiff Merit Homes, LLC, appeals from the district court's order granting

summary judgment in favor of Defendant Joseph Carl Homes, LLC ("JCH"). We

have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We need not decide whether an express license was granted by Merit Homes to National Bank of Arizona ("NBA"), because at a minimum Merit Homes granted to NBA, and NBA's successors and assigns, an implied copyright license to use the Felten Group plans in order to complete the relevant construction project. "[G]rants of nonexclusive copyright licenses need not be in writing." *Foad Consulting Grp., Inc. v. Azzalino*, 270 F.3d 821, 825 (9th Cir. 2001) (citation omitted). A "nonexclusive copyright license may be granted orally or by implication," *id.* at 826 (citation omitted), and a nonexclusive license supported by consideration is irrevocable, *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 757 (9th Cir. 2008).

Merit Homes was one of two members in Arboleda Ranch, LLC, and contracted with the Felten Group for the Felten Group to provide schematic design and construction plans for the project. The Construction Loan Agreement between Arboleda Ranch, with Merit Homes as guarantor, and NBA provided that, "[a]s additional security for the payment of the Loan, [Arboleda Ranch] hereby collaterally transfers and assigns to [NBA] . . . all of [Arboleda Ranch]'s right, title, and interest" to the Felten Group plans. In addition, Arboleda Ranch expressly warranted and represented that "all rights, title and interest" of "any

2

predecessors to [Arboleda Ranch]'s interest with respect to the [Felten Group plans]" had "been duly assigned and transferred" to Arboleda Ranch.

Under the Construction Loan Agreement, NBA had the right to "use the [Felten Group plans] for any purpose relating to the improvements, including but not limited to . . . the completion" of the project. Moreover, this right "inure[d] to the benefit of [NBA], its successors and assigns, including any purchaser upon foreclosure of the Deed of Trust, [and] any receiver in possession" of the relevant real property.

Furthermore, the Construction Deed of Trust granted NBA a security interest in "[a]ll present and future plans, specifications, [and] drawings." In the event of default, NBA had the right to use the "plans and specifications to be used in the actual construction of the improvements" to complete the project. Upon "default (and failure to cure, if applicable)," the Construction Deed of Trust also authorized NBA "and [its] successors and assigns" to use the Felten Group plans.

Arboleda Ranch, and Merit as guarantor, defaulted on the construction loan. Therefore, based on the loan provisions discussed above, NBA and its successors and assigns, including JCH, had at least an implied license to use the Felten Group plans to complete the project.

**AFFIRMED.**

3